UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-01182-ODW-SPx | Date | December 11, 2025 |
|---|---|---|---|
| Title | Kalua Bertelemann v. Walmart, Inc., et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Motion to Compel Should Not Be Denied As Untimely**

On December 9, 2025, defendant filed a motion to compel and noticed it for hearing on December 30, 2025. Although motions to compel normally must be filed in the form of a joint stipulation under Local Rule 37-2, the motion here indicates plaintiff has failed to respond to efforts by defendant to meet and confer. The declaration is not as clear on this point as it should be, but these circumstances generally permit a party to file a motion without a joint stipulation. *See* L.R. 37-2.4. When this occurs, Local Rules 6-1, 7-9, and 7-10 govern. *Id.*

Under Local Rule 6-1, the notice of motion must be filed not later than 28 days before the hearing date. Here, the motion was filed on December 9 and thus could be noticed for hearing not earlier than January 6, 2026. Thus, the noticed hearing date of December 30, 2025 is improper.

Were this the only issue, the court would simply move the hearing date to January 6. But under the Scheduling and Case Management Order in this case, the fact discovery cut-off is January 5, 2026, and discovery motions must be heard in advance of the cut-off. Thus, a January 6 hearing on the motion would be untimely.

Accordingly, defendants are hereby ordered to show cause, on or before December 18, 2025, why the Motion to Compel should not be denied as untimely. If plaintiff withdraws the motion on or before December 18, 2025, the order to show cause will be discharged.