**O**

# United States District Court
# Central District of California

KALUA BERTELEMANN,

Plaintiff,

v.

WALMART SUPERCENTER et al.,

Defendants.

Case № 5:25-cv-01183-ODW (APx)

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS [28]**

Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute.  (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 28.)  After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument and **VACATES** the July 6, 2026 hearing.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Because Plaintiff has not filed an opposition, the Court **GRANTS** the Motion.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based

on plaintiff's failure to oppose motion as required by local rules).  Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures.  *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors are not required."  *Ismail v. County of Orange*, No. 8:10-cv-00901-VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

The Court has considered the *Ghazali* factors and is persuaded that granting the Motion is appropriate.  The hearing on Defendant's Motion was set for July 6, 2026.  Plaintiff's opposition was therefore due by June 15, 2026.  As of the date of this Order, Plaintiff has not filed an opposition or any other filing that could be construed as a request for a continuance.  Defendant has not received any communication from Plaintiff since October 2025.  (Decl. Bron E. D'Angelo ¶¶ 2–5, Dkt. No. 28.)  Accordingly, the Court deems Plaintiff's failure to oppose as consent to granting the Motion and therefore **GRANTS** the Motion.  (Dkt. No. 28.)  Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

June 23, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**